NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-245-KKC

ALEX T. SIMMONS                                                                                        PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

ANTHONY WILLIAMS, ET AL.                                                                  RESPONDENTS

The petitioner, Alex T. Simmons, who is presently confined at the United States Prison in Inez, Kentucky ("U.S.P.-Big Sandy"), filed an action in the United States District Court for the District of Columbia (USDCDC). The USDCDC construed the submission as a habeas corpus petition under 28 U.S.C. §2241. Finding that the petitioner's current status as a federal prisoner in the Eastern District of Kentucky required that the §2241 be transferred, the USDCDC transferred the §2241 petition to this Court on August 5, 2005 [Record No. 1].[1]

The named respondents are: (1) Anthony Williams, Mayor, District of Columbia; (2) John Doe, Director, Dept. of Corrections; (3) Mr. Randle, Administrator/Acting Community Corrections Center Halfway House/Work Release Program; (4) Erias Hyman, Chairman, D.C. Parole Board; and (5) Charlie Lyons, Parole Examiner.

The petitioner has not paid the $5.00 filing fee. The Petitioner has filed a "Motion to

---

[1] This is the second §2241 petition involving the instant petitioner which the USDCDC has transferred to this Court. The first one, *Alex T. Simmons v. Charlie Lyons, et al.*, Pikeville Civil Action No. 05-CV-151-KKC ("the First Action"), was transferred to this Court on May 16, 2005. On the petitioner's motion for voluntary dismissal, the Court dismissed the First Action without prejudice on July 14, 2005. *See* Order and Judgment, 05-CV-151-KKC, Record Nos. 5 and 6.

Dismiss" in which he asks that his petition for writ of habeas corpus be dismissed. [Record No. 3] The petitioner states that he wants the instant §2241 petition to be dismissed due to his prisoner status "in such a way that the issue may be re-filed when the disability of imprisonment is removed. See D.C. Code §12-203(a)(3)." [Motion, Record No. 3]

The Court notes the petitioner's failure to pay the requisite filing fee would, standing alone, constitute grounds upon which to base a dismissal without prejudice. The Court will therefore grant the petitioner's voluntary "Motion to Dismiss."

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)   The petitioner's "Motion to Dismiss" [Record No. 3] is **GRANTED.**

(2)   This action is **DISMISSED** *without* prejudice, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the named respondents.

This the 25th day of August, 2005.

Signed By:
*Karen K. Caldwell*   KKC
**United States District Judge**